[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 05-16000

_____

D. C. Docket No. 02-02634-CV-CAP-1

CSX TRANSPORTATION, INC.,

                                                    Plaintiff-Appellant,

versus

STATE BOARD OF EQUALIZATION,
of the State of Georgia,
JERRY JACKSON, as Commissioner of Revenue
of the State of Georgia,
RUSSELL W. HINTON,
as State Auditor of the State of Georgia,
RAY J. CRAWFORD,
as Director of the Georgia State Properties
Commission,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 25, 2008)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

This appeal is on remand from the Supreme Court of the United States, which reversed our decision of December 19, 2006, and held "that railroads may challenge state methods for determining the value of railroad property, as well as how those methods are applied." CSX Transp., Inc. v. Ga. State Bd. of Equalization, 128 S. Ct. 467, 469 (2007). At our request, both parties filed supplemental briefs. CSX Transportation argues that the judgment of the district court should be vacated and the case remanded for a new trial before a different district judge. The State Board of Equalization of Georgia argues that neither reassignment nor a new trial is appropriate and, because only one issue addressed by the district court was before the Supreme Court, we should reverse only to allow the district court to consider the appraisal evidence offered by the Board. We agree with the Board that reassignment is unnecessary and remand to allow the district court to determine in the first instance how to proceed in the light of the decision of the Supreme Court.

The standard for our review of the request of CSX for reassignment is well-settled. The three considerations that we described in United States v. Torkington, 874 F.2d 1441 (11th Cir. 1989), govern our review of this request. These

2

considerations include "(1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; [and] (3) whether reassignment would entail waste and duplication out of proportion to gains realized from reassignment." Id. at 1447.

The argument of CSX that we should order reassignment fails. CSX argues that the district judge has "already formed opinions based on a faulty legal premise," but CSX identifies nothing that suggests that the district judge would have any difficulty considering the evidence anew in the light of the decision of the Supreme Court. We often require district judges to revisit their previous rulings after a reversal by the Supreme Court, see, e.g., Harris v. Coweta County, Ga., 489 F.3d 1207, 1207 (11th Cir. 2007), and have no reason to believe that reassignment is necessary to preserve the appearance of justice whenever a decision is reversed. We agree with the Board that reassignment would entail significant waste and duplication. The judge presided over an eight-day trial that concerned a complicated subject and drafted a thorough 27-page opinion, a significant portion of which was not affected by the decision of the Supreme Court. This appeal is not "a simple case with which a different judge could quickly become familiar." Torkington, 874 F.2d at 1447.

CSX also argues that it is entitled to a new trial, but we believe that the procedural decisions whether to reopen trial proceedings or hear additional evidence are properly left to the sound discretion of the district court. See EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1287 n.23 (11th Cir. 2000). The district court has already heard a significant amount of evidence from both parties, and it is in the best position to determine whether it needs to hear more.

In the light of the decision of the Supreme Court, we **AFFIRM** in part and **REVERSE** in part the judgment of the district court and **REMAND** for further proceedings consistent with the decision of the Supreme Court.