[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13238
Non-Argument Calendar

_____

D. C. Docket No. 06-80334-CV-WJZ

RENEE BETTIS,

Plaintiff-Appellant,

versus

TOYS "R" US - DELAWARE, INC.,
a Delaware Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 10, 2008)**

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Renee Bettis appeals the district court's dismissal without prejudice of her

employment discrimination action, brought pursuant to Title VII, 42 U.S.C. § 2000e, the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.11. For the following reasons, we vacate and remand.

I.

Bettis filed a six count complaint against Toys "R" Us, alleging gender discrimination under Title VII and the FCRA and violations of the PDA in connection with changes to the terms of her employment and her ultimate discharge. The court later granted Bettis's motion to amend her complaint to add one count under the FMLA.

On July 16, 2006, the court issued its order setting the pre-trial conference date for June 29, 2007, and advising the parties, inter alia, to be ready for trial any time after that date and that pre-trial stipulations were due by June 15, 2007. Dispositive motions were due April 30, 2007.

Toys "R" Us began its deposition of Bettis on February 6, 2007. Because Bettis had not submitted all the documents requested, the parties agreed to continue the deposition at a later date. When Bettis amended her complaint to include the FMLA claim, the parties agreed that this issue would be addressed at a subsequent

deposition in March 2007. Bettis, however, canceled the deposition a week before it was scheduled to occur.

During discovery, Toys "R" Us filed a motion to compel discovery requests, asserting that Bettis's responses to discovery requests had been inadequate, evasive, incomplete, and unresponsive.[1] Prior to filing the motion to compel, defense counsel attempted to resolve the discovery disputes with Bettis's counsel, and Bettis's counsel expressed an intent to supplement the responses. However, counsel failed to follow through. The district court ordered Bettis to respond to the motion to compel within ten days or the court would grant the motion. After receiving Bettis's response, the court then granted the motion to compel in part, ordering Bettis to file proper responses to two interrogatories by April 4, 2007. Per the court's order, Bettis submitted "plaintiff's better answers to defendant's first set of interrogatories." Toys "R" Us did not consider the answers acceptable and filed a motion for sanctions for the failure to comply with the court's order. The court granted the motion for sanctions because Bettis failed to comply with the court's order to answer the interrogatories, and instructed Bettis to answer by May

---

[1] We note that the record reflects that throughout the litigation, Bettis's counsel was uncooperative, failed to correspond with defense counsel or to respond to defense counsel's communications, and failed to comply with the court's orders. In addition, during depositions, Bettis's attorney repeatedly instructed Bettis not to answer questions, interrupted defense counsel, and coached the witness.

3

or face contempt or dismissal.

Toys "R" Us moved (1) to compel Bettis's deposition, (2) for sanctions due to discovery violations, and (3) for an extension of time to file dispositive motions. The court granted the motion to compel the deposition, but denied the motion for sanctions and for an extension of time. The deposition was rescheduled for April 11, 2007.

Toys "R" Us then filed a motion for a protective order with respect to Bettis's fourth set of requests to admit, which included 399 requests, and the subsequent corrected version, which listed 375 requests. Toys "R" Us noted that the case was a single issue, "garden variety" employment action, and that the requests were duplicative, overbroad, repetitive, and irrelevant. On April 30, 2007, the court granted a protective order with respect to the fourth corrected set of requests to admit, but otherwise denied the motion. That same day, Bettis filed her opposition to the protective order.

Toys "R" Us moved for summary judgment on April 30, 2007, and later amended the motion after it learned that Bettis had not disclosed her bankruptcy filing during her depositions. On May 2, 2007, the day after Bettis's responses were due, Toys "R" Us moved for relief due to Bettis's failure to respond to the court's order to answer the interrogatories, asserting that the response, which was

4

received a day late, was still deficient. Bettis requested an extension to respond to the summary judgment motion, and the court granted the request, ordering Bettis to respond to the amended summary judgment motion by noon on June 11, 2007. On June 11, at 12:53 pm, Bettis filed her response.

Per the court's order at the beginning of the case, the pre-trial stipulations were due June 15, 2007. On June 14, Bettis filed a motion for extension of time.[2] Toys "R" Us responded that it had made several attempts to coordinate the pre-trial statement with Bettis's counsel, but that counsel had refused to respond and had waited until the day before the statement was due to seek the extension. The court denied Bettis motion for an extension of time. The court then <u>sua sponte</u> issued a "final order of dismissal," dismissing the complaint without prejudice for failure to comply with the court's order to set a pre-trial conference and to comply with Local Rule 16.1.[3] The court denied all pending motions as moot.

Bettis now appeals, challenging the court's dismissal without prejudice, the decision granting a protective order on discovery requests, and arguing that the district court judge should have recused himself due to bias. She further asserts that, on remand, the case should be reassigned to a different judge. Toys "R" Us

---

[2] Bettis filed the motion after 5 p.m. on June 14.

[3] Rule 16.1 governs pre-trial procedure in civil actions. S.D. Fla. L. R. 16.1. This rule also requires the parties to file pre-trial stipulations. Rule 16.1(E). The penalty for failure to comply includes dismissal. Rule 16.1(M).

also challenges whether we have jurisdiction over the appeal.

## II.

### A. Jurisdiction

Toys "R" Us argues that there is no final order disposing of all claims because the FCRA and FMLA claims can be refiled within the limitations period. According to Toys "R" Us, where a party seeks to appeal fewer than all claims, the district court must certify the appeal under Fed. R. Civ. P. 54(b).[4]

We review de novo questions concerning jurisdiction. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). Where there is a question as to the court's appellate jurisdiction, we must address it before turning to the merits of the appeal. Main Drug, Inc. v. Aetna U.S. Healthcare, Inc., 475 F.3d 1228, 1229 (11th Cir. 2007).

Section 1291 provides the general rule that this court has "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Because the district court's order in the instant case disposed of all claims, we have jurisdiction. Robinson v. Federal Nat. Mortg. Ass'n, 673 F.2d

---

[4] Rule 54(b) is inapplicable here. Under Fed. R. Civ. P. 54(b), "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54(b). Here, the court adjudicated all the claims by dismissing the amended complaint without prejudice.

1247, 1249 (11th Cir 1982).

B. Dismissal without prejudice

Bettis argues that although the court dismissed without prejudice, the fact that the limitations period has run on some of her claims makes the dismissal the equivalent of a dismissal with prejudice. She contends that the court failed to determine if lesser sanctions would suffice, and failed to consider whether there was a clear record of willful conduct.

We review dismissals under Fed.R.Civ.P. 41 for abuse of discretion.[5] Gratton v. Great American Communications,178 F.3d 1373, 1374 (11th Cir. 1999); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1324 (11th Cir. 2005)).

The district court possesses the inherent power to police its docket. Link v.

---

[5] The district court also has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction. See Fed.R.Civ.P. 37(b)(2)(C); Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993) (reviewing dismissal under Rule 37 for abuse of discretion). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. See Aztec Steel Co. v. Florida Steel Corp., 691 F.2d 480, 482 (11th Cir. 1982).

Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41(b) authorizes a district court to dismiss a complaint for failure to comply with a court order or the federal rules. Fed.R.Civ.P. 41(b); Goforth, 766 F.2d at 1535. As this court has explained,

> [A] dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.... Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable.

Betty K. Agencies Ltd., 432 F.3d at 1339; Gratton, 178 F.3d at 1374; Goforth, 766 F.2d at 1535.

Thus, dismissal under Rule 41(b) is appropriate where there is a clear record of "willful" contempt and an implicit or explicit finding that lesser sanctions would not suffice. Gratton, 178 F.3d at 1374; see also Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006); Goforth, 766 F.2d at 1535. Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct. McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986). In general, where the plaintiff has been forewarned, dismissal following the plaintiff's disregard of an order is not an abuse of discretion. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

8

Here, although the court dismissed the complaint without prejudice, some of Bettis's claims would now be time barred;[6] thus the dismissal was in effect a dismissal with prejudice. When an order "has the effect of precluding [plaintiff] from refiling [her] claim due to the running of the statute of limitations ... [t]he dismissal [is] tantamount to a dismissal with prejudice." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B 1981).[7]

After a thorough review of the record, we conclude that the district court abused its discretion by dismissing the complaint. Although the record is replete with instances in which Bettis's counsel failed to comply with court orders, and the court warned Bettis that the failure to comply could result in dismissal, there is no explicit finding that the conduct was willful and not mere negligence. And, based on the record before us, we cannot infer such a finding. Moreover, although the court imposed other sanctions, those sanctions were to compel discovery and did not include fines, contempt, or disciplinary actions against the attorney. Because

---

[6] As the parties concede, the Title VII and PDA claims are time-barred. The FMLA claims either expired in 2007 or are still viable until August of 2008, depending on whether the two or three-year limitations period applies. 29 U.S.C. § 2917(c). The only remaining claims are the FCRA issues, which enjoy a four-year limitations period. Fla. Stat. § 760.11(1).

[7] The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). After that date, however, only the decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit, while Unit A decisions are merely persuasive. Dresdner Bank AG v. M/V OLYMPIA VOYAGER, 446 F.3d 1377, 1381 n.1 (11th Cir. 2006); Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982).

the dismissal is, in effect, with prejudice, the district court abused its discretion, and we vacate and remand with instructions for the court to consider other sanctions.

C. Protective Order

Bettis next argues that the court abused its discretion by granting the motion for a protective order without waiting for her to file her response.

We review the district court's efforts to manage discovery for abuse of discretion. Adkins v. Christie, 488 F.3d 1324, 1330 (11th Cir. 2007), cert. denied, 128 S.Ct. 903 (2008); Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999). This court will reverse if it concludes that in limiting discovery, the district court "made a clear error of judgment ... or ... applied an incorrect legal standard." Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1159 (11th Cir. 2004) (citing Alexander v. Fulton County, 207 F.3d 1303, 1326 (11th Cir. 2000)).

Federal Rule of Civil Procedure 26(c) specifically provides that a party may file a motion for a protective order to:

> protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

10

Fed.R.Civ.P. 26(c)(1(A)-(D).

Considering the court's inherent power to manage its docket, <u>Link</u>, 370 U.S. at 629-630, we conclude that the court did not abuse its discretion. Bettis submitted her fourth request for admissions, which contained 399 requests. She then submitted a corrected version, which contained 375 requests. The case involved a single issue employment claim and the requests were repetitive and sought irrelevant information.

With respect to whether there was an abuse stemming from the court's granting of the motion prior to receiving Bettis's response, there was no error. Neither the Federal Rules of Civil Procedure nor the Local Rules require the court to obtain a response from the non-moving party before ruling on a motion for a protective order. <u>See</u> Fed. R. Civ. P. 26; S.D. Fla. L.R. 26.1(H)(3).

D. Recusal and Reassignment

Finally, Bettis argues that this court should assign the case to a different judge on remand because the district judge should have recused himself due on bias or the mere appearance of bias against working mothers in light of his connections to a conservative, Christian law school and other conservative organizations.[8]

_____

[8] Specifically, Bettis argues that the judge's hiring of several law clerks from Ava Maria Law School, his financial support of that school, and his participation in organizations such as the

11

1. Recusal

Because Bettis failed to seek recusal of the district court judge in the proceedings below by filing an affidavit pursuant to 28 U.S.C. § 144, we review the judge's decision not to recuse himself <u>sua sponte</u> under 28 U.S.C. § 455 for plain error. <u>Hamm v. Members of Bd. of Regents of State of Fla.</u>, 708 F.2d 647, 651 (11th Cir. 1983). "To disqualify a judge under § 455(a), the bias 'must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties.'"[9] <u>United States v. Bailey</u>, 175 F.3d 966, 968 (11th Cir. 1999). An adverse ruling does "'not provide a party with a basis for holding that the court's impartiality is in doubt.'" <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1103 (11th Cir. 2001)).

Here, there was no plain error in the judge's failure to <u>sua sponte</u> recuse. Bettis has established no bias – or even an appearance of bias. Moreover, a review of the record establishes that the court was even-handed in resolving the motions before it.

2. Reassignment on remand

_____

Federalist Society establish bias.

[9] The federal code provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned . . . He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

This court has authority to reassign a case on remand. See 28 U.S.C. § 2106 (1994); United States v. Remillong, 55 F.3d 572, 577-78 n.12 (11th Cir. 1995). Three factors inform the decision to reassign a case on remand: "(1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; (3) whether reassignment would entail waste and duplication out of proportion to the gains realized from reassignment." Chudasama v. Mazda Motor Corp.,123 F.3d 1353, 1373 (11th Cir. 1997) (citation omitted); see also CSX Transp., Inc. v. State Bd. of Equalization, manuscript op. at 2-3 (No. 05-16000) (11th Cir. Mar. 25, 2008).

Considering these factors, we conclude reassignment is unnecessary. Notably, the facts Bettis relies upon to argue an appearance of impropriety were not before the district court. Rather, it seems that she is attempting to create an appearance of impropriety to further her request for recusal and reassignment. There is no appearance of impropriety. Moreover, this case has been pending for a significant length of time, and although the case is not complex, it would be a waste of judicial resources to reassign the case. Accordingly, we decline to order the case reassigned on remand.

**VACATED and REMANDED.**

13