[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11702
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00936-CEM-TBS

WILLIAM A. WHITE,

Plaintiff-Appellant,

versus

WILLIAM BERGER, SR., et al.,

Defendants,

RONALD SHAW,
DENNIS M LEMMA,
in his official capacity,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(April 19, 2019)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

William A. White, proceeding pro se, appeals the district court's dismissal of his claims brought under 42 U.S.C. § 1983 against Donald Eslinger, the former Seminole County Sheriff; Dennis Lemma, the current Seminole County Sheriff; and Ronald Shaw, a captain at the John E. Polk Correctional Facility—where Mr. White was temporarily housed between May and November of 2014.  Mr. White also challenges the district court's denial of his request for appointment of counsel, and of his motion to amend his complaint.  Lastly, Mr. White requests reassignment of his case to another district court judge.  For the following reasons, we reverse and remand, but deny the request for reassignment.

## I

Because the resolution of this appeal hangs on our determination of a procedural matter, and because we have previously reviewed the factual allegations underlying Mr. White's claims, we find it unnecessary to recount those allegations in full.  *See White v. Berger*, 709 F. App'x 532 (11th Cir. 2017) ("*White I*") (affirming in part and reversing in part the district court's order granting defense motions to dismiss Mr. White's third amended complaint).  Suffice it to say that Mr. White seeks damages for a number of harsh conditions that he allegedly suffered while in isolation at the John E. Polk Correctional Facility, which he claims caused

2

him physical and mental injury.  As the panel in *White I* explained, "the crux of his claims is that these conditions were gratuitously imposed upon him even though he posed none of the risks the isolation units might have been designed to contain and that the defendants were deliberately indifferent to the harmful effects isolation had on him."  *Id.* at 532.  Procedurally, we assume the parties' familiarity with the proceedings and set out only what is necessary to explain our decision.

As noted, Mr. White has previously successfully appealed the district court's earlier dismissal of his suit.  Following his last appeal and the reinstatement of his suit in September of 2017, Mr. White filed a sworn fourth amended complaint—the current operative pleading.  In it, he brought four claims against Sheriff Eslinger and Capt. Shaw, alleging numerous violations of his constitutional rights.  He simultaneously filed a motion for appointment of counsel.  Shortly thereafter, on November 21, 2017, Sheriff Eslinger and Capt. Shaw filed a response to the complaint, entitled "Motion to Dismiss Fourth Amended Complaint, or, Alternatively, for Summary Judgment."[1]

Sheriff Eslinger and Capt. Shaw argued that Mr. White had failed to provide any factual support for his claims, and they challenged his allegations with their own factual assertions and documents.  For example, they asserted that Mr. White's

---

[1] At the time Sheriff Eslinger and Capt. Shaw filed their motion, Sheriff Lemma had not yet been substituted for Sheriff Eslinger for all official capacity claims.  The order granting summary judgment, however, lists Sheriff Lemma as a defendant.

placement in isolation was warranted, as were the restrictive or harsh conditions of his confinement. In response to Mr. White's claims that he lost weight and suffered as a result of his inability to eat or drink, Sheriff Eslinger and Capt. Shaw provided documents indicating that Mr. White went on a self-imposed hunger strike. Sheriff Eslinger and Capt. Shaw also maintained that Mr. White was seen daily by medical staff and weekly by mental health staff while he was in isolation, none of whom noted health concerns apart from those related to Mr. White's hunger strike. They attached a number of exhibits to their motion, including affidavits and medical logs.

Mr. White's response to Sheriff Eslinger's and Capt. Shaw's motion began by laying out the standard for a Rule 12(b)(6) motion to dismiss, as well as the standard for a motion for summary judgment under Rule 56(a). He then requested that he be permitted to take discovery. He listed all the documentary evidence before the district court, beginning with the sworn fourth amended complaint, and explained that the complaint was well-pled under Rule 8 and satisfied the requirements of Rule 12(b)(6). Throughout his response, Mr. White alternated between pointing to the documents submitted by Sherriff Eslinger and Capt. Shaw, and the sworn allegations of his fourth amended complaint, to defend his claims. He also noted that Sheriff Eslinger and Capt. Shaw did not "generally contest the factual allegations of the" complaint and that they had yet to file an answer.

Mr. White contemporaneously filed his own affidavit, challenging the accuracy of the medical records as well as a number of the claims made by Sheriff Eslinger and Capt. Shaw—including the claim that Mr. White was placed in isolation because of his neo-Nazi affiliation. He also submitted a psychiatric report and an article discussing the psychological effects of solitary confinement. And he attached an email dated June 6, 2014, from Capt. Shaw to Mr. White's mother, apologizing for the delay in Mr. White's mail, explaining that it had been held "until it could be vetted because it contained extremist literature[,] some of which was inflammatory." The email went on to say that Mr. White had "been compliant with minimal problems" during his stay at John E. Polk.

Along with his response, Mr. White filed a motion to amend his complaint a fifth time, seeking to add Joseph Klinger, a Sergeant at the Seminole County Sheriff's Office, as a defendant. He also proposed adding a First Amendment retaliation claim. According to Mr. White, Sgt. Klinger's affidavit in support of the defense motion for summary judgment demonstrated his personal involvement in the events leading to Mr. White's injuries, and provided factual support for the retaliation claim.

On December 13, 2017, the district court entered an order denying Mr. White's motion to amend. The order did not address the First Amendment claim, but concluded "that adding [Sgt.] Klinger as a Defendant at this stage of the

5

proceedings is unwarranted and . . . [Mr. White] has failed to demonstrate a basis for doing so," given that Mr. Klinger had not been named in the third amended complaint, and was not party to the appeal.  Notably, the district court also ordered the following related to the motion filed by Sheriff Eslinger and Capt. Shaw:

> [1.] Although Plaintiff filed the Response, given the significance of these proceedings, the Court finds it prudent to advise him regarding the importance of a response and to permit him to file an Amended Response, if he desires.  In particular, since Plaintiff is appearing pro se, he is advised out of an abundance of caution that the denial of the Fourth Amended Complaint at this stage would represent a final adjudication of this case which may foreclose subsequent litigation on the matter.
>
> [2.] **On or before January 12, 2018**, Plaintiff shall file a Supplemental Response to the Motion to Dismiss, or to notify the Court he does not intend to file a supplemental response.  Thereafter, the Motion to Dismiss will be taken under advisement by the Court and an order entered without further notice.  Plaintiff is again warned that after that date an order could result in the case being terminated without any further proceedings.

D.E. 187 at 2–3.

Mr. White's supplemental response incorporated in full his earlier response and pointed out that he was still awaiting a ruling on his earlier filed motion to appoint counsel.  He pointed to our favorable ruling in *White I* discussing the crux of his claims and asserted that this "finding of the Eleventh Circuit is sufficient to defeat the Motion to Dismiss; a claim has been pled."  He again cited the fourth amended complaint to challenge the defense motion.  Discussing Sgt. Klinger's

affidavit, Mr. White explained that it was "only admissible towards summary judgment" and noted that the burden of proof on such a motion was on Sheriff Eslinger and Capt. Shaw. He explained:

> To grant summary judgment based upon [Sgt.] Klinger's affidavit, the Court would have to find that there is no material dispute of fact about the Defendants' involvement in the harms of the Complaint because the Defendants[ ] have proven that they were not involved, at all . . . and, that they were never aware of the harms being inflicted upon me. As there is absolutely no evidence to that effect in the record, Summary Judgment must be denied."

D.E. 188 ¶ 9.

The district court, in granting Sheriff Eslinger's and Capt. Shaw's motion, did not specify whether it was applying a Rule 12(b)(6) or a Rule 56 standard. It did, however, cite to the exhibits attached to the defense motion throughout its analysis and pointed to Mr. White's failure to provide evidence in support of his claims. The district court also made references to Sheriff Eslinger's and Capt. Shaw's entitlement to summary judgment on qualified immunity grounds, and referred to the motion as a "Motion for Summary Judgment" in its conclusion. Mr. White timely appealed.[2]

---

[2] Given the district court's reliance on the defense exhibits, we construe the order as one granting summary judgment.

## II

We first address the propriety of granting summary judgment without the notice required to a pro se litigant, then turn briefly to the merits of the summary judgment order, and, finally, to Mr. White's motion to amend.

## A

Under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6)[,] . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." This rule requires that "[a]ll parties . . . be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* We strictly enforce this notice requirement, regularly vacating and remanding cases in which the district court did not provide the non-moving party with "express, ten-day notice of the summary judgment rules, of his right to file affidavits or other materials in opposition . . . , and of the consequences of default." *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). Our case law permits us to raise this notice issue sua sponte. *See id.* at 824.

Our precedent has "also recognized the especial care which must be exercised when an action is brought alleging denial of basic constitutional liberties by an indigent prisoner lacking formal legal training." *Id.* at 825. "Such parties occupy a

8

position significantly different from that occupied by litigants represented by counsel." *Id.* (internal quotation marks and citation omitted).

The sole "notice" provided to Mr. White consisted of an invitation to him to file a supplemental response to the "Motion to Dismiss." D.E. 187. Though the district court did give Mr. White a month to respond, and though it appears he was aware he could file affidavits and evidence in response, Mr. White was a pro se litigant with a motion to appoint counsel and a discovery request pending. *See* D.E. 170; D.E. 185 at ¶ 3.[3]

The notice requirement "will be deemed *strictissimi juris* and applies to *all* parties litigant." *Griffith*, 772 F.2d at 825 (emphasis in original). In "unique circumstances," we have held that the failure to properly notice a summary judgment conversion is harmless error. *See Jones v. Auto. Ins. Co. of Hartford*, 917 F.2d 1528, 1534 (11th Cir. 1990) (discussing cases). Those circumstances, however, are not present here. *Cf. Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985) (noting that the failure to provide notice should "invariably" call for a remand

---

[3] Without addressing the propriety of that discovery request, we note that the district court did not rule on the request prior to granting summary judgment. Summary judgment, however, "may only be decided upon an adequate record." *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988). And we have previously held that it was error to grant a motion for summary judgment where the nonmoving party had no opportunity to take discovery. *See id.* Though his request may not have constituted a properly formulated demand for discovery, Mr. White did twice raise the lack of opportunity for discovery in responding to potential summary judgment adjudication—once in response to the present motion, and once in response to an earlier "Motion to Dismiss or, Alternatively, for Summary Judgment." *See* D.E. 185 at ¶ 3; D.E. 115 at 21. Mr. White's discovery requests highlight the need for adequate Rule 56 notice.

9

but concluding that the error in that case was harmless because the record made clear the parties knew of the Rule 56 conversion, submitted additional documents, and clearly included all of the documents and arguments they wanted the judge to consider); *Denis v. Liberty Mut. Ins. Co.*, 791 F.2d 846, 850 (11th Cir. 1986) (concluding that the error was harmless because the appellant, in moving the district court to reconsider its Rule 12(b)(6) dismissal, argued that there existed a "genuine issue of material fact" and submitted documents outside the pleadings for the court's consideration).  Indeed, Mr. White's discovery requests made clear that, unlike the parties in *Property Management* or *Denis*, he had not put forth all the evidence he wished.

Though it appears Mr. White may have a better grasp of federal motion practice than most pro se litigants, we decline to add litigation experience to the list of exceptions for reversal when summary judgment notice is not properly provided. A pro se litigant whose discovery requests and motions to appoint counsel have not been addressed is entitled to greater notice than Mr. White received.  Accordingly, we reverse and remand the district court's summary judgment order.

**B**

Because we are remanding, we also address the merits of the summary judgment order.  We review that order de novo, using the same legal standards that the district court applied.  *See Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063

10

(11th Cir. 2013).  "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law."  *Id.*  (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).  The party opposing summary judgment may not rely solely on the pleadings, but must proffer depositions, documents, affidavits, interrogatory answers, or other materials, to show that a genuine issue exists for trial.  *See id.*

Relevant here, we have held that "facts alleged in an inmate's sworn pleading are sufficient" and may be relied upon in lieu of an affidavit.  *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) (quotation marks and citation omitted).  We note as well that Mr. White also filed a sworn declaration with his response.  *See* D.E. 185-1.

We do note that the allegations in Mr. White's sworn complaint, along with statements in his sworn declaration, suffice to create a genuine issue with respect to certain material facts.  For example, the district court credited Sheriff Eslinger's and Capt. Shaw's assertion that Mr. White was placed in isolation for safety reasons, owing to his membership in a white supremacist group.  *See* D.E. 199 at 12, 17.  The district court therefore concluded that "[t]he record clearly demonstrates that it was objectively reasonable for [Sheriff Eslinger and Capt. Shaw] to conclude that confining [Mr. White] in isolation did not violate [Mr. White's] due process rights

11

or his right to be free from cruel and unusual punishment." *Id.* at 17.  But Mr. White

expressly contested that assertion in his sworn declaration, stating:

> I am not now, nor was I at any point in 2014, the "leader"
> of [a] neo-Nazi/white supremacist group, or, a member of
> any such group.  I am not now, nor have I ever been, a
> "sovereign citizen."  I am not now, nor have I ever been, a
> "gang member."

D.E. 185-1 ¶ 2.  The district court also concluded that Mr. White had "not shown

that [Capt.] Shaw personally knew of the conditions, condoned the conditions, or

was otherwise deliberately indifferent to the allegedly inhumane conditions of

confinement." D.E. 199 at 14.  In his sworn complaint, however, Mr. White alleged

that, on June 6, 2014, he met with Capt. Shaw in his office to discuss his housing

situation and informed him that he was in extreme pain and that the conditions of his

confinement were unconstitutional. *See* D.E. 176 ¶ 18.  He also says he learned from

Capt. Shaw that both Capt. Shaw and Sheriff Eslinger had personally authorized the

conditions in which he was placed. *See id.*  Mr. White's allegations and declaration

are sufficient to create genuine disputes of material fact.  "By weighing the evidence

and reaching factual inferences contrary to [Mr. White's] competent evidence, the

[district] court . . . neglected to adhere to the fundamental principle that at . . .

summary judgment . . . reasonable inferences should be drawn in favor of the

nonmoving party." *Tolan v. Cotton*, 572 U.S. 650, 660 (2014) (reversing appellate

12

court's affirmance of district court order granting qualified immunity where parties offered conflicting accounts of events).

## C

We review a district court's denial of a motion to amend for abuse of discretion. *See Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013). Whether a proposed amendment to the complaint is futile, however, is a legal conclusion that we review de novo. *See id.*

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading "with the opposing party's written consent or the court's leave." A district court "should freely give leave when justice so requires." *Id.* The district court may deny leave to amend when the proposed amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). An amendment is futile when the complaint as amended would still be subject to dismissal. *See id.* at 1263.

We conclude there is insufficient analysis in the district court's order to permit appellate review. First, the order did not address whether permitting Mr. White to add his First Amendment retaliation claim would have been futile. Second, as to the addition of Sgt. Klinger as a defendant, the order explained that because Sgt. Klinger "was not a Defendant in the Third Amended Complaint, and he was not a party in the appeal[,] . . . adding [Sgt.] Klinger as a Defendant at this stage . . . is

unwarranted[,] and . . . Plaintiff has failed to demonstrate a basis for doing so." D.E. 187 at 2. As Mr. White points out, Sgt. Klinger was a party to the original complaint, but Mr. White did not have sufficient facts regarding Sgt. Klinger's participation at that time. *See* Appellant's Br. at ¶ 54. Following his receipt of Sgt. Klinger's affidavit, Mr. White learned that Sgt. Klinger was listed as the supervisor who signed off on Mr. White's placement in administrative lockdown. *See* D.E. 182-1; D.E. 186 ¶ 2. The proposed amended complaint alleged that the affidavit "stat[es] that [Sgt. Klinger] was personally involved in making the decision to inflict upon me the conditions claimed . . . ." D.E. 186-1 ¶ 38. It is not immediately clear how Sgt. Klinger's absence from the third amended complaint would be dispositive to the decision to permit or deny his addition to the fifth amended complaint, or why this proposed allegation does not provide a basis for doing so.

We take no position on whether Mr. White's amendments are futile. We conclude only that neither "the . . . decision nor the record provide sufficient explanation to enable meaningful appellate review." *Cox Enters., Inc. v. News-Journal Corp.*, 510 F.3d 1350, 1360 (11th Cir. 2007). We therefore reverse this portion of the district court's order.

## D

We do not decide whether Mr. White's case presents the "exceptional circumstances" that generally warrant the appointment of counsel. *Smith*, 713 F.3d

14

at 1065. But in light of our decision to reverse and remand the case for additional proceedings, the district court should—exercising the broad discretion it has in making this determination—consider whether Mr. White "needs help in presenting the essential merits of his . . . position to the court." *Id.*

## E

Lastly, we consider Mr. White's request for reassignment. Generally, "three considerations . . . govern our review of this request." *CSX Transp. Inc. v. State Bd. of Equalization*, 521 F.3d 1300, 1301 (11th Cir. 2008). Those are "(1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to gains realized from reassignment." *Id.*

Mr. White argues that the district court judge made "targeted errors against" him, relied upon "factually incorrect, or, legally erroneous considerations," and has "improperly shift[ed] the burden of proof." Appellant's Br. ¶ 62. He also asserts that the district court judge's conduct is "prejudicial to the effective[ ] and[ ] expeditious administration[ ] of the business of the court," claiming that there have been unnecessary appeals and delays and goes so far as to claim the judge "used an unethical tactic, not serving [him] with his order[ ] to try to stymie this appeal." *Id.* ¶ 63.

We see no evidence of impropriety or bias on this record. We routinely remand to district courts to correct their own errors without finding any impropriety or impartiality, and this matter is no different. Mr. White's argument that our partial reversal of an earlier order in this case weighs in favor of reassignment is unavailing. The "targeted errors" of which Mr. White complains are nothing more than the result of the incorrect application of the correct summary judgment standard. Without evidence of partiality or impropriety, we decline to order the remedy of reassignment.

### III

For the foregoing reasons, we conclude that the district court erred in granting summary judgment and failed to sufficiently explain its denial of Mr. White's motion to amend. Mr. White's request for a judicial reassignment is denied.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

16