Jack GRIFFITH, Plaintiff-Appellant,

v.

Louie L. WAINWRIGHT, et al., Defendants-Appellees.

No. 85–3001
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1985.

Richard J. Salem, Bernice S. Saxon, Tampa, Fla., for Fortner and Riddle.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant Jack Griffith filed this civil rights action *pro se*, alleging denial of rights guaranteed by the United States Constitution arising from a prison regulation requiring all "routine" mail posted at the prison mail room to be tendered in unsealed envelopes for inspection by Appellee Beatrice Riddle. The United States District Court for the Middle District of Florida granted Appellees' motion for summary judgment, finding no material issue of fact in controversy and Appellees entitled to judgment as a matter of law. We granted Appellant's motion to proceed *in forma pauperis*. We VACATE the opinion below and REMAND this case for further consideration by the District Court.

BACKGROUND:

On December 28, 1983, Appellant Griffith presented a sealed, post-paid business reply envelope, pre-addressed to the Flagler National Bank, to Appellee Riddler, Mailroom Officer of the Avon Park Correctional Institution [hereinafter "APCI"] operated by the State of Florida. Riddle refused to accept the envelope for posting, relying on Institutional Operating Procedure Section IV, 2.07.09 entitled "Inmate Correspondence," which rule provides that APCI has the right to examine and review all incoming and outgoing mail of a routine nature.[1] This rule was promulgated by

---

**1.** Section IV provides that "Any routine mail sent or received by an inmate may be opened, examined and read by a designated Mail Room Officer. Outgoing mail shall not be sealed by the inmate sender." Additionally, Section XIII provides that "The institution maintains the pe-

rogative [sic] to open, examine and read all routine mail, both incoming and outgoing."

APCI regulations also provide that communication of a "legal" or "privileged" nature, as defined in § III, Institutional Operating Procedure 3.03.03 "Preparation of Legal Documents,

Appellee G.S. Fortner and was in response to concerns that unmonitored mail might pose a risk to prison security.[2]

On January 23, 1984, Appellant brought a *pro se* action in the court below under 42 U.S.C.A. § 1983 (1981) alleging that the APCI policy requiring him to tender routine mail to prison employees for screening before posting violated his right of freedom of speech and his right to privacy protected by the United States Constitution. He sought injunctive relief as well as compensatory and punitive damages in the amount of $15,000. The district court below granted Appellant's motion to proceed *in forma pauperis*.

The Appellees filed timely motions to dismiss for failure to state an actionable claim under Fed.R.Civ.P. 12(b)(6) and alternatively for summary judgment under Fed.R.Civ.P. 56, admitting that it was the policy of the APCI to refuse to post routine, sealed envelopes that had not been screened by prison personnel. Appellees argued that because the policy was valid, reasonable, and applied to Appellant in good faith, they were entitled to judgment as a matter of law.

Appellant filed a response to Appellees' motions alleging that Appellee Riddle had abused her discretion under the rules by refusing to post the sealed envelope.

On December 13, 1984, the district court rejected the motion to dismiss for failure to state a claim because resolution of the controversy required the court to rely upon information without the pleadings. However, the court found that there was no material issue of fact presented, that the envelope in question was of the routine sort covered by the regulation, that the regulation was consistent with the holding of the United States Supreme Court in *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), and accordingly that the rule passed constitutional muster. The court granted Appellees' motion for summary judgment. Griffith appealed that judgment on January 3, 1985.

■ Although this case comes before us in the posture of a First Amendment case, we find it unnecessary to reach the question of whether the Appellant here stated a meritorious claim on the constitutional question. Instead, we are compelled by our own precedents to note *sua sponte* that the court below failed to adhere to the dictates of Fed.R.Civ.P. 56(c), which rule requires that summary judgment cannot be entered against a party unless that person has been given express notice, ten days in advance, of his rights under that rule and how he might best defend them.[3]

---

Legal Mail, and Privileged Mail" is exempt from screening by prison employees.

2. Section V, 2.07.09 A 3 sets forth those materials that "may be disapproved for mailing or delivery to the inmate" and prohibits receipt or posting of that material that:
 (a) contains threats of physical harm against the person or threats of criminal activity.
 (b) threatens blackmail or extortion.
 (c) concerns sending contraband in or out of the institution.
 (d) concerns plans to escape.
 (e) concerns plans for activities in violation of institutional rules and regulations.
 (f) concerns plans for criminal activity.
 (g) is in code and its contents are not understood by the reader.
 (h) solicits gifts or goods or money from other than the family.
 (i) is obscene or contains a graphic presentating [sic] of sexual behavior that is in violation of law.
 (j) contains information which, if communicated, would create a clear and present dan-

ger of violence and physical harm to a human being.
 (k) is dangerously inflammatory in that it advocates or encourages riots, insurrection, escape, disruption of the institution or similar activity which would present a serious threat to the security, order or rehabilitative objectives of the institution.
 (*l*) contains information which inmates might use to manufacture or devise weapons, drugs, intoxicants or escape, parphernalia [sic] or to effect or facilitate escape or disruption of the institution.

3. Rule 56(c) provides as follows:
 The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

## THE REQUIREMENT OF NOTICE:

 For the fifth time in four years this Court is forced to return to a busy district court a *pro se* case for failure to adhere to the notice requirement of Rule 56(c). We have held repeatedly that this requirement of notice will be deemed *strictissimi juris* and applies to *all* parties litigant. *Milburn v. United States*, 734 F.2d 762, 766 (11th Cir.1984) ("[T]his court has established a 'bright-line' test requiring 10-day advance notice that the court will take a motion for summary judgment under advisement as of a certain date"); *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir.1984) ("This circuit has consistently upheld the strict notice requirements of rule[ ] ... 56(c)"); *Moore v. State of Florida*, 703 F.2d 516, 519–20 (11th Cir.1983) ("Generally, 'the 10-day notice requirement of Rule 56(c) is strictly enforced.' "); *Herron v. Beck*, 693 F.2d 125, 126 (11th Cir.1982) ("It is well established in this circuit that the ten-day notice requirement of Rule 56(c) is strictly enforced.").[4]

 While it is well settled in this Circuit that this requirement does not of necessity require that such notice be given at an oral hearing, *Moore*, 703 F.2d at 519, our jurisprudence requires at least this: that an adverse party must be given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default. That done, the court may properly take the motion under advisement as of a day certain and may rule on the motion consistent with the dictates of procedural fairness required by Rule 56. *Moore*, 703 F.2d at 519; *Kibort v. Hampton*, 538 F.2d 90, 91 (5th Cir.1976).[5]

 We have also recognized the especial care which must be exercised when an action is brought alleging denial of basic constitutional liberties by an indigent prisoner lacking formal legal training. Such parties "occupy a position significantly different from that occupied by litigants represented by counsel." *Moore*, 703 F.2d at 520. In such cases, as in that before us today, "a court should be particularly careful to ensure proper notice to a pro se litigant," *Herron*, 693 F.2d at 127, so that any rights that such a litigant might have will not be extinguished merely through failure to appreciate the subtleties of modern motion practice.[6]

moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

4. The policy considerations which underlie this consistent requirement are premised on the fact that disposition of a case on summary judgment grounds represents a final adjudication on the merits. It forecloses subsequent litigation on the matter; it is accordingly important that proper notice be given so as to insure "opportunity to present every factual and legal argument available." *Finn*, 722 F.2d at 713; *Georgia, & S.R. Co. v. Atlantic Coast Line R. Co.*, 373 F.2d 493, 498 (5th Cir.), *cert. denied*, 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967).

5. This Court has adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals announced prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

6. In adopting a requirement of particular care in cases involving indigent, *pro se* litigants, we are in accord with a number of other circuits. *See, e.g., Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982) ("Since few prisoners have a legal background, we think it appropriate to lay down a general rule that a prisoner who is a plaintiff in a civil case and is not represented by counsel is entitled to receive notice of the consequences of failing to respond with affidavits to a motion for summary judgment."); *Ham v. Smith*, 653 F.2d 628, 629–30 (D.C.Cir.1981) (*pro se* litigants must be accorded "special attention" by judges when such litigants are faced with motions for summary judgment, meaning " 'at a bare minimum' " notice of the rules attendant to a motion for summary judgment and the risks of failure to respond); *Barker v. Norman*, 651 F.2d 1107, 1128–29 & n. 26 (5th Cir. Unit A 1981) (court has an obligation to afford parties the opportunity to remedy "obvious defects in ... summary judgment materials" although even as to a party appearing *pro se*, a judge "is neither required nor permitted to become counsel for [a] party....."); *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir.1979) (motion should only be granted against a *pro se* plaintiff if given clear, understandable notice by the court of the need to file affidavits and material, and of the consequences of default).

We have searched the record of the instant case in vain for any indication that the court below properly advised Griffith under Rule 56(c). Neither the record nor the pleadings suggest that Appellant had any knowledge of the rules concomitant to a motion for summary judgment, of the need to assemble affidavits and other documents necessary to counter the Appellees' motion, or of the court's intention to take the motion under advisement. We find the fact that Griffith filed two objections to Appellee's motion unpersuasive on this question because we find no evidence in those pleadings that the arguments advanced were in any meaningful way responsive to a motion for summary judgment. Nor do we find anything in the order of the court below to suggest that Appellant's objections were in any way useful to the court in ruling on the motion. We think it clear from the inadequacies of Appellant's responses that he was not given notice proper under Rule 56(c). Accordingly, we must vacate the judgment of the district court and remand this case to that court for reconsideration in light of this decision. We leave for another day the question of whether the First Amendment protects prisoners' routine mail from screening by prison authorities.

VACATED and REMANDED.