[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15941
Non-Argument Calendar
_____

D. C. Docket No. 05-00023-CV-4-MMP-AK

RICHARD ADAMSON,

                                        Plaintiff-Appellant,

                versus

DE POORTER,
Lieutenant,
JOHN DOES,
Six Unknown Officers,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 4, 2007)**

Before TJOFLAT, BARKETT and HULL , Circuit Judges.

PER CURIAM:

        Richard Adamson, a prisoner proceeding <u>pro se</u>, appeals the district court's

dismissal of his <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) action for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

In Adamson's third amended complaint, he alleged that Lieutenant De Poorter and six unknown individuals (collectively, "the defendants"), all federal prison officials, had violated his Fourth and Eighth Amendment rights in the course of transferring him from federal to state custody. Adamson acknowledged in this third amended complaint that the federal Bureau of Prisons ("BOP") had a grievance procedure and that he had not complied with that procedure. However, he also alleged that, while in state custody, he attempted to contact by mail the successive levels of the BOP hierarchy in order to obtain the required forms to file a grievance regarding these violations of his rights, but was never supplied with the grievance forms. Therefore, Adamson argued, the grievance procedure was not 'available' to him.

The defendants moved to dismiss Adamson's complaint for failure to exhaust, attaching three affidavits from BOP and prison officials, all to the effect that Adamson had not attempted to contact the prison or BOP in order to obtain the grievance forms. The district court considered these affidavits, determined that Adamson had not made any effort to obtain the forms, and granted the defendants'

motion to dismiss.

Adamson argues that the district court erred by converting the defendants' motion to dismiss into a motion for summary judgment without providing him with notice. Adamson contends that the district court was required to disregard the affidavits or convert the motion to dismiss into a motion for summary judgment, and erred by doing neither. He argues that the district court's conversion was not harmless error because he would have taken further action had the district court provided him with notice. In particular, Adamson asserts that, if given notice of the conversion, he would have moved the district court to compel the Florida state prison to produce its logs of his incoming and outgoing mail, which would have demonstrated that he had repeatedly contacted federal officials.

We review de novo a district court's dismissal of a prisoner's action for failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a). Higginbottom v. Carter, 223 F.3d 1259, 1260 (11th Cir. 2000).

On review of a motion to dismiss, we accept all allegations in the complaint as true and construe facts in a light most favorable to the plaintiff. Harper v. Thomas, 988 F.2d 101, 103 (11th Cir. 1993).

The Prison Litigation Reform Act ("PLRA") provides that "a prisoner confined in any jail, prison, or other correctional facility" may not bring suit under

federal law to challenge prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to Bivens actions. Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (11th Cir. 2002). However, a prisoner need not plead exhaustion; rather, exhaustion is an affirmative defense that must usually be pled and proved by the defendant. Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910, 919-22, 166 L.Ed.2d 798 (2007).

Rule 12(b) provides that

> If on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b). "It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court. However, if the judge does consider these outside matters, i.e., if the judge does not exclude them, Rule 12(b) requires the judge to comply with the requirements of [Fed.R.Civ.P.] 56. Rule 56 states, in relevant part, that a 'motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing.' Thus, the court must give the parties ten days notice that it is converting the moving party's motion to dismiss into a motion for summary judgment." Jones v.

4

Automobile Ins. Co., 917 F.2d 1528, 1531-32 (11th Cir. 1990).

"We have held repeatedly that this requirement of notice will be deemed strictissimi juris and applies to all parties litigant." Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985). Where a pro se litigant is involved, the non-moving party "must be given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default." Id. "This circuit has consistently enforced the strict notice requirements of Rules 12(b) and 56, creating a bright-line rule: If a district court fails to comply with the ten-day notice requirement, the case will be reversed and remanded so that the district court may provide the non-moving party with adequate notice." Jones, 917 F.2d at 1532.

There are three exceptions to the rule that considering material outside of the pleadings converts a motion to dismiss into a motion for summary judgment, thereby requiring compliance with the notice rules. First, conversion will not occur if the court properly takes judicial notice of attached exhibits. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-79 (11th Cir. 1999). Second, a document attached to the pleadings as an exhibit may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross &

5

<u>Blue Shield</u>, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal").  Third, the conversion is harmless and does not require notice if the parties, <u>inter alia</u>, made all arguments and submitted all the documents they would have even with sufficient notice.  <u>Property Management & Investments, Inc. v. Lewis</u>, 752 F.2d 599, 605 (11th Cir. 1985).

After careful consideration of the briefs of the parties, and thorough review of the record, we find reversible error.

Here, the defendants argue that the district court did not consider documents outside the record or, alternatively, that the latter two exceptions apply.  The first argument is misplaced.  The district court did not exclude the evidence submitted with the defendants' motion to dismiss.  Therefore, the motion was treated as one for summary judgment and the district court was required to comply with Rule 56.  <u>See</u> <u>Jones</u>, 917 F.2d at 1532 ("if the judge does consider these outside matters, i.e., if the judge does not exclude them, Rule 12(b) requires the judge to comply with the requirements of Rule 56").  Further, the district court, in rejecting Adamson's contention that he repeatedly contacted the BOP for grievance forms, explicitly relied on the declarations to the contrary attached by the defendants.  Therefore,

6

reversal and remand is appropriate unless one of the exceptions applies.

The declarations submitted by the defendants did not fall within the exception for documents central to the plaintiffs' claim because the documents were not 'central' to Adamson's complaint. A document is not 'central' merely because it is directly responsive to a factual allegation. We explained in Bryant v. Avado Brands, Inc., 187 F.3d 1271 (11th Cir. 1999) that the foundation for a defendant's ability to introduce 'central' documents at the motion to dismiss stage "is that when a plaintiff files a complaint based on a document but fails to attach that document to the complaint, the defendant may so attach the document, and therefore, the document, as one that could have or rather in fairness should have been attached to the complaint, is considered part of the pleadings and thus may be reviewed at the pleading stage without converting the motion into one for summary judgment." Bryant, 187 F.3d at 1280 n.16. They underlying premise is that "if the document was indeed so central to the claim that it served as a basis for the complaint, then plaintiffs must have already been aware of it, and thus do not need the protection of the 10-day notice period." Id. The 'centrality' exception does not apply here.

The harmlessness exception applies where "all of the parties were well aware that the judge was converting the [motion to dismiss] and [] the parties made

all the arguments and submitted all the document that they would have presented had they received the notice to which they were entitled." Property Management, 752 F.2d at 605. "The harmless error exception detailed in Property Management is a limited exception which we will not often recognize." Trustmark v. ESLU, Inc., 299 F.3d 1265, 1268 (11th Cir. 2002). However, "[w]hen a party proves through its actions that it has notice of the conversion, any failure to notify the party is rightly deemed harmless." Id. at 1268.

The district court's conversion error was not harmless. Especially in light of Adamson's pro se status, his conduct does not demonstrate that he was "well aware that the judge was converting the [motion to dismiss] and . . . made all the arguments and submitted all the document that [he] would have presented had [he] received the notice to which [he] w[as] entitled." Property Management, 752 F.2d at 605.

In sum, the district court erred by converting the defendants' motion to dismiss into a motion for summary judgment without giving Adamson the required notice, and that error was not harmless. Accordingly, we vacate the district court's judgment against Adamson and remand for further proceedings.

**VACATED AND REMANDED.**