[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11010
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 17, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00426-CV-HL-5

TOMEKA E. SHOCKLEY,

Plaintiff-Appellant,

versus

HEALTHSOUTH CENTRAL GEORGIA REHABILITATION
HOSPITAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 17, 2008)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Tomeka Shockley appeals the district court's grant of Rebound Inc. d/b/a HealthSouth, Central Georgia Rehabilitation Hospital's ("HealthSouth") motion for summary judgment as to her complaint alleging discriminatory discharge, retaliation, and hostile work environment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), 3(a).[1] On appeal, Shockley presents three arguments. First, Shockley argues that the district court erred in finding that she had not established a *prima facie* case for wrongful discharge. Second, Shockley argues that the district court erred in finding that she had not established a *prima facie* case for retaliation. Shockley argues that she established the requisite causal relationship between her protected activity and her termination, whereby establishing her *prima facie* case. Third, Shockley argues that the district court erred by granting summary judgment to HealthSouth with respect to her hostile work environment claim because a reasonable jury could find "that a work environment in which a plaintiff is subjected to regular unwelcome race-based comments and insults, discriminatorily applied discipline, combined

---

[1] Although, following HealthSouth's motion for summary judgment, the district court failed to provide Shockley with "express, ten-day notice of the summary judgment rules, of [her] right to file affidavits or other material in opposition to the motion, and of the consequences of default," *see Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985), this error was harmless because the record shows that it was reasonably apparent to Shockley that she was required to submit all evidence in opposition to the motion, *see Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985).

with other specific incidents . . . is objectively hostile." Fourth and finally, Shockley argues that the district court erred in granting HealthSouth "attorney's fees" because her claim was not frivolous and she provided evidence to substantiate her claim.

## I.

With respect to her discriminatory discharge claim, Shockley argues that she sufficiently established the fourth element of the *prima facie* case because: (1) she was replaced by a white registered nurse ("RN"); and (2) two white co-workers, who copied her charts without performing the patient assessments themselves, were not terminated, despite the fact that their "assessment sheets" where identical to her assessments. Shockley argues that the district court erred in finding that Susan Smith, the Director of Nursing, had a good-faith basis to believe that Shockley had falsified medical records because: (1) Smith was not the decision maker with respect to the termination; (2) Smith did not have firsthand knowledge of how long Shockley's particular group of patients would take; and (3) Smith never spoke directly to the two patients who are alleged to have stated that Shockley did not assess them.

We review a district court's grant of summary judgment *de novo. Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002). Summary judgment is proper

under Fed. R. Civ. P. 56(c) when the pleadings and accompanying evidence show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). To survive a motion for summary judgment, the nonmoving party must show that there is a genuine issue of fact for trial. *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1231 (11th Cir. 2006). We view "the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party." *Battle v. Bd. of Regents for Georgia*, 468 F.3d 755, 759 (11th Cir. 2006).

Title VII prohibits employers from engaging in practices that discriminate on the basis of race. *See* 42 U.S.C. § 2000e-2(a). "Whether an employer intentionally discriminated against an employee . . . is a question of fact, which may be proved either through direct or circumstantial evidence.*" EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002). Absent direct evidence of an employer's discriminatory motive, a plaintiff may establish her case through circumstantial evidence, using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *Id.*

To establish a *prima facie* case for her discriminatory discharge claim, Shockley must show that: (1) she was a member of a protected minority; (2) she was qualified for the job; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside her protected class or was treated less favorably than a similarly-situated individual outside her protected class. *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003).

In order to determine "whether employees are similarly situated for purposes of establishing a *prima facie* case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). "To make a comparison of [her] treatment to that of non-minority employees, [she] must show that [s]he and the employees are similarly situated in all relevant respects." *Id*. Evidence that other employees were guilty of similar misconduct but were not disciplined does not establish that an individual is similarly situated when the party taking the adverse action was unaware of the employees' misconduct. *Jones v. Gerwens*, 874 F.2d 1534, 1541-42 (11th Cir. 1989).

Upon review of the record and consideration of the briefs of the parties, we discern no reversible error as to this issue. Shockley has not shown either (a) that any other employee had as many unexcused absences from work as she did or (b) that any other employee falsified patient assessment records without discipline. Therefore, she has not identified any non-minority employee who is "similarly situated in all relevant respects" that received preferential treatment. *Holifield*, 115 F.3d at 1562. Furthermore, HealthSouth has shown that the next two employees hired for Shockley's position were members of Shockley's protected class. Because Shockley did not show that similarly situated employees outside of her protected class were treated more favorably or that she was replaced by an individual outside of her protected class, she did not establish her *prima facie* case for discrimination. Accordingly, we affirm as to this issue.

II.

With respect to her claim for retaliatory discharge, Shockley argues that the facts that: (1) she complained about her supervisor, Keith Ryals's, racially offensive comments to Marcy Jackson, the Director of Human Resources; (2) Jackson called Shockley into her office in February to inform her of Ryals's accusation that she falsified medical records, and informed her that she was terminated; and (3) Jackson was the only representative from HealthSouth to

6

attend her unemployment hearing, show there is a causal relationship between her complaints and her termination. She also argues that the "timing" between her complaints and termination establish that the two were related.

Title VII makes it unlawful for an employer to discriminate against an employee in retaliation for opposing a practice made an unlawful employment practice under Title VII. 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation under Title VII, "a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there is a causal connection between the two events." *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 507 (11th Cir. 2000) (quotations omitted).

"The causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (quotation omitted). Generally, "close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact about a causal connection," but to satisfy this showing, a plaintiff must establish "that the decision maker was aware of the protected conduct at the time of the adverse

7

employment action." *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000). Causation, however, may be established in discrimination cases where the decision maker followed a biased recommendation without independent investigation, such that the decision maker was "a mere conduit . . . to give effect to the recommender's discriminatory animus." *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1332 (11th Cir. 1999).

Here, Shockley did not show that Smith, the "decision maker" who fired her, was aware of her protected conduct. Moreover, HealthSouth has demonstrated that Smith pursued an independent investigation into Shockley's alleged falsification of patient records and absenteeism; thus, Smith cannot be said to have been a "mere conduit" for Ryals's alleged animus. *Id.* Because Shockley did not show that Smith was aware of her complaints about Ryals at the time of her termination, she has not shown the existence of a causal connection between her termination and her complaints about racial harassment. A coincidence in timing is not enough. She has not shown her *prima facie* case for retaliation under Title VII. Accordingly, we affirm as to Shockley's retaliation claim.


III.


8

In support of her hostile work environment claim, Shockley argues that she showed that Ryals's harassment affected her work performance because: (1) she wanted to transfer out of his Unit; (2) she once called her husband in tears after Ryals went very close to her face and yelled at her; and, (3) she had to make complaints to Jackson. Shockley argues that HealthSouth's disciplinary policy was discriminatorily applied because other employees on her shift also had attendance problems and received verbal counseling instead of probation.

"A hostile work environment claim under Title VII is established upon proof that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Miller v. Kenworth of Dothan Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (quotation omitted). Title VII is not meant to serve as "a general civility code." *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80, 118 S. Ct. 998, 1002, 140 L. Ed. 2d 201 (1998). In order to establish a *prima facie* claim of a hostile work environment, a plaintiff must establish:

> (1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment [was] based on a protected characteristic of the employee . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive

9

working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.

*Miller*, 277 F.3d at 1275.

The fourth element–that the harassment altered the terms and conditions of employment–contains both a subjective and an objective component. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999). Thus, to satisfy this element, the employee must show that she subjectively perceived the harassment as severe and pervasive enough to change the terms or conditions of employment and present facts sufficient for the district court to find that this perception was objectively reasonable. *Id.*

In making this objective determination, the following factors should be considered: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Id.* The Supreme Court has noted that teasing, offhand comments, and isolated incidents do not constitute discriminatory changes in the terms and conditions of employment. *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S. Ct. 2275, 2283, 141 L. Ed. 2d 662 (1998). We have described a hostile work environment as one where, "[f]or example, the racial slurs

10

allegedly spoken by co-workers [were] so commonplace, overt and denigrating that they created an atmosphere charged with racial hostility." *Edwards v. Wallace Cmty. College*, 49 F.3d 1517, 1521 (11th Cir. 1995) (quotation omitted). We have also held that "it is repeated incidents of verbal harassment that continue despite the employee's objections [that] are indicative of a hostile work environment and not simply some magic number of racial or ethnic insults." *Miller*, 277 F.3d at 1276 (quotations omitted).

We stressed, in *Miller*, that focusing on the single "job performance factor" incorrectly interprets the "totality of the circumstances approach" which should be applied to the four factors. *Id.* We also held that "harassment need not be shown to be so extreme that it produces tangible effects on job performance in order to be actionable." *Id.* at 1277 (citations omitted). Establishment of the frequency, severity, and humiliating nature of the conduct can be sufficient even if a plaintiff "fail[s] to establish convincingly how . . . [the] conduct interfered with h[er] duties." *Id.*

Shockley has alleged that Ryals, her supervisor, verbally harassed her as a matter of course for an extended period of time. Shockley alleged in specifics several racially charged comments. She alleged numerous "you people" comments that she interpreted to be discriminatory in nature, and given the

11

similarity between those numerous comments and the comments Shockley alleged with specificity, we construe all of Ryals's alleged "you people" remarks as discriminatory. Shockley further alleged that Ryals spoke to her in a threatening manner.

Although Shockley managed to continue performing her duties, it is undisputed that she requested to be transferred away from Ryals's supervision. She also complained to the Human Resources department and alerted them to her continuing situation. Thus, Shockley has alleged evidence that her workplace performance was affected by Ryals's alleged harassment.

Because Shockley alleged frequent, severe, threatening, and humiliating verbal harassment by her supervisor, she alleged sufficient facts to support an inference that the discrimination she suffered was severe and pervasive. Moreover, the district court erred by basing its decision almost entirely on the fact that Shockley did not show that Ryals's harassment deleteriously affected her work performance. Accordingly, we reverse and remand for further consideration of Shockley's claim for discrimination based on a discriminatorily hostile work environment.

IV.

12

With respect to Shockley's claim regarding "attorney's fees," or "costs," our jurisdiction is limited to final decisions of the district court. *See* 28 U.S.C. § 1291. We have held that, when the district court has not yet fixed the amount of costs, the order is not final and appealable. *Mekdeci v. Merrell Nat'l Labs., Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1523 (11th Cir. 1983). Because the district court awarded costs and not attorney's fees but has not yet determined the specific amount, we do not have jurisdiction to review the district court order. Accordingly, we dismiss Shockley's claim as to this issue.

V.

We AFFIRM the judgment of the district court as to appellant's discriminatory discharge and retaliation claims. Appellant's hostile work environment claim is REVERSED AND REMANDED. Appellant's "costs" claim is DISMISSED.