[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 07-15434
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 15, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00096-CV-1-SPM-AK

DENNIS GRANT POULSEN,

Plaintiff-Appellant,

versus

PUBLIX SUPER MARKETS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 15, 2008)

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Dennis Grant Poulsen appeals the district court's

dismissal of his pro se complaint alleging age and disability discrimination by his

former employer, Publix Super Markets, Inc. ("Publix"), in violation of Title VII,

42 U.S.C. § 2000e-2(a); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a); and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(1)(a). We conclude that Publix's motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. 12(b)(6), was converted into a motion for summary judgment without adhering to the notice requirements of Rule 56(c), Fed.R.Civ.P. 56(c); we vacate and remand.

Publix's Rule 12(b)(6) motion to dismiss charged that Plaintiff failed to file timely his charge of discrimination. According to Publix's motion, Plaintiff filed his discrimination charge with the Florida Commission of Human Relations ("FCHR") on 22 March 2004, some 397 days after his employment was terminated on 20 February 2003.[1] To bring suit for discrimination under the FCRA, Title VII, the ADA, or the ADEA, a plaintiff first must exhaust administrative remedies. And to exhaust remedies, the plaintiff must file timely a discrimination charge with the appropriate commission.[2] See Riccard v. Prudential Ins. Co, 307 F.3d

---

[1] Publix set the termination date at 20 February 2003; and the record shows that supervisory personnel met with Plaintiff on 27 February 2003 to reaffirm the termination decision. By complaint filed internally with Publix's human resources department on 17 March 2003, Plaintiff challenged his termination. By letter dated 21 April 2003, Publix advised Plaintiff that their investigation of his complaint was complete; he was due no relief.

[2] When the discriminatory act takes place in a deferral state such as Florida, the plaintiff must file a charge with the state agency within 300 days of the last discriminatory act to be timely for

1277, 1291 (11th Cir. 2002) (ADA and ADEA); <u>Wilkerson v. Grinnell Corp.</u>, 270

F.3d 1314, 1317 (11th Cir. 2001) (Title VII); <u>Woodham v. Blue Cross & Blue

Shield of Fla., Inc.</u>, 829 So.2d 891, 894 (Fla. 2002) (FCRA).  Publix appended a

number of documents to its motion to dismiss in support of its contention that

Plaintiff's claims were barred because he failed to exhaust properly administrative

remedies.

But Plaintiff's complaint claimed that the last date of discrimination was 21

April 2003: some 19 days short of the one year filing requirement under the

FCRA.  The magistrate judge noted that the termination date potentially was

dispositive and ordered Plaintiff "to submit evidence to support his claim that he

was terminated from employment with Defendant on April 21, 2003."  Plaintiff

was advised that a failure to comply could result in a recommendation that the

case be dismissed for failure to obey the magistrate's order and failure to prosecute

the action; no reference was made to Rule 56 or other of the Federal Rules of Civil

Procedure, and no notice was given that Publix's motion to dismiss would be

converted into a motion for summary judgment.  Plaintiff responded timely and

submitted some documents in support of his response.

---

purposes of Title VII, the ADA, and the ADEA, <u>see</u> <u>Maynard v. Pneumatic Products Corp</u>, 256 F.3d 1259, 1262-63 (11th Cir. 2001); and within 365 days for purposes of the FCRA. <u>See</u> Fla. Stat. § 760.11(1); <u>Woodham</u>, 829 So.2d at 894.

After considering the documents submitted by both parties -- the documents appended to Publix's motion to dismiss and the documents submitted by Plaintiff in response to the magistrate's order -- the magistrate found that Plaintiff's discrimination charge was filed at least 85 days out of time for his federal law claims and 20 days out of time for his state law claims. Based on this finding of untimeliness, the magistrate recommended Publix's motion to dismiss be granted with prejudice. The district court adopted the magistrate's report and recommendation; citing especially documents submitted by Plaintiff, the district court found Plaintiff's administrative filing was untimely and dismissed the complaint with prejudice.

When a court considers matters outside of the pleadings in a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the court converts that motion into a motion for summary judgment. See Fed.R.Civ.P. 12(b)[3]; Trustmark Ins. Co. v. ESLU, Inc. 299 F.3d 1265, 1267 (11th Cir. 2002). And when conversion occurs, the adverse party must be "given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the

---

[3]Under Fed.R.Civ.P. 12(b) if, on a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

consequences of default." Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985). Whether the district court complied with the rules for converting a motion to dismiss into a motion for summary judgment is an issue that this Court addresses sua sponte.[4] See id. at 824. We have interpreted this notice requirement strictly, see Jones v. Auto Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1532 (11th Cir. 1990) (a "bright-line rule" of reversing and remanding applies when notice requirement not satisfied); and we have required district courts to "be particularly careful to ensure proper notice to a pro se litigant." Griffith, 772 F.2d at 825 (quotation and citation omitted); see also Jones, 917 F.2d at 1532 n.2. Although exceptions have been recognized to allow consideration of material outside the pleadings without accomplishing a conversion, see Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-81 (11th Cir. 1999) (judicial notice taken properly of attached exhibits required to be filed with Securities Exchange Commission); Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1284-85 (11th Cir. 2007) (documents referenced by plaintiff in complaint that are central to claim may be considered if contents not in dispute and defendant attaches document to motion to dismiss), neither of these exceptions applies here.

---

[4]Plaintiff does not raise the conversion issue in his initial brief but argues in his reply brief that he "was not aware [that] he was suppose[d] to present his whole ... case."

One other exception -- harmless error -- has been applied in limited, unique circumstances where parties understand fully the true nature of the motion and have presented all available arguments. See Trustmark Ins. Co., 299 F.3d at 1267-68. But because the magistrate judge failed to explain to Plaintiff the consequences and procedure of conversion -- he was not advised that even if he did comply with the magistrate's order his claims could be dismissed on the merits -- the record shows no understanding on Plaintiff's part. Instead, Plaintiff maintains that he was unaware that he had to present all of his evidence at that time. Although the magistrate seems to have followed *some* of the procedural safeguards of Rule 56(c), we are unprepared to say the notice error to this pro se party was harmless. See Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984) (emphasizing that procedures assure that the "motion will be rebutted with every factual and legal argument available") (quotation and citation omitted).

Even if we were to conclude that the lack of notice of summary judgment conversion was harmless error, remand would nonetheless be necessary: the record is insufficient for us to determine whether summary judgment was due to be granted. The applicable period for filing a discrimination charge begins to run upon the employee's receipt of unequivocal notice of an adverse employment decision. See Stewart v. Booker T. Washington Ins., 232 F.3d 844, 849 (11th Cir.

6

2000). And a cause of action for failure to rehire after an alleged discriminatory termination accrues at the same time as does the termination claim absent a new and discrete act of discrimination in the refusal to rehire itself. See <u>Burnam v. Amoco Container Co.</u>, 755 F.2d 893, 894 (11th Cir. 1985). Neither the district court nor magistrate judge considered whether Plaintiff's <u>pro se</u> complaint and exhibits also challenged Publix's refusal to reinstate Plaintiff in April 2003; and, if so, whether such a claim was viable and exhausted properly either in conjunction with his termination or as a new and discrete act of discrimination.

We vacate the order of dismissal and remand for reconsideration in the light of this decision. We express no opinion about the timeliness or merits of Plaintiff's claims.

VACATED AND REMANDED.