[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15747
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00546-CAS

UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE INC.,
a Washington Corporation,
GEORGE FREEMAN,
an individual,

Plaintiffs - Appellees,

versus

MICHAEL J. CAULEY,
Registered agent for Universal Life Church World Headquarters, Inc.
UNIVERSAL LIFE CHURCH WORLD HEADQUARTERS INC.,
a Florida Corporation,

Defendants - Appellants,

JANE DOE CAULEY,
Husband and wife,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____
(July 21, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Universal Life Church World Headquarters, Inc. ("ULC HQ") and Michael Cauley (collectively, "Cauley") appeal from the district court's grant of summary judgment in favor of the Universal Life Church Monastery Storehouse, Inc. ("ULC Monastery") and George Freeman (collectively, "Appellees") on their claim that Cauley violated a mediated settlement agreement between the parties concerning prior and ongoing defamation (the "Settlement Agreement"). On appeal, Cauley argues that: (1) the district court failed to provide him with notice that he could file affidavits or other responsive materials and the potential consequences if he failed to do so; and (2) even if the district court provided notice, summary judgment was improper because material facts were in dispute. After careful review, we affirm.

We review a district court's order granting summary judgment de novo, applying the same standard as the district court. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1236 (11th Cir. 2003). We view the material presented and draw all factual inferences in the light most favorable to the nonmoving party. Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A mere scintilla of evidence supporting

2

the nonmoving party's position will not suffice." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (alteration adopted) (quotations omitted). Summary judgment is also proper if the evidence "is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

A party moving for summary judgment bears "the initial responsibility" of pointing to the pleadings and other record evidence to "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993). Where, as here, the movant bears the burden of proof at trial, the nonmovant "must come forward with evidence sufficient to call into question the inference created by the movant's evidence on the particular material fact." Id. Because of this burden on the nonmovant, "[a] motion for summary judgment should only be granted against a litigant without counsel if the court gives clear notice [at least ten days prior to ruling] of the need to file affidavits or other responsive materials and of the consequences of default." United States v. One Colt Python .357 Ca. Revolver, 845 F.2d 287, 289 (11th Cir. 1988). See also id. ("When a litigant moves pursuant to [R]ule 56 for summary judgment or when the district court converts a motion to dismiss into a motion for summary judgment, the 'bright-line' ten-day notice requirement is stringently enforced.").

First, we reject Cauley's argument that the district court failed to provide him, a pro se litigant, with adequate notice that he could submit affidavits or other responsive materials and of the potential consequences of his failure to do so. "[W]hen a pro se litigant is involved, we have interpreted Rule 56[] to require that the district court specifically inform the litigant (1) of the need to file affidavits or other responsive materials, and (2) of the consequences of default." McBride v. Sharpe, 25 F.3d 962, 968 (11th Cir. 1994) (en banc). The district court fulfilled its obligation here. As the record shows, Cauley moved for summary judgment on June 5, 2014, and Appellees moved for summary judgment on June 11, 2014. On July 14, 2014, the district court entered an order providing "[p]ro se Defendant Cauley" with "the notice requirements mandated by Fed. R. Civ. P. 56(c)," including his "right to file affidavits or other material, and the consequences of default." In fact, the district court specifically warned Cauley "that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits." Accordingly, the district ordered that "[t]he parties should file affidavits or other material in opposition to the opposing party's summary judgment motion on or before August 12, 2014 [when the court took the motions for summary judgment under advisement]."

The district court's order clearly and plainly warned Cauley that he would have to submit affidavits or responsive evidentiary material to prevent the district

court from accepting the Appellees' evidence as true and granting summary judgment in their favor without a trial. Our precedent does not require a district court to provide that notice at an oral hearing. See Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam) ("[I]t is well settled in this Circuit that [the Rule 56 notice] requirement does not of necessity require that such notice be given at an oral hearing . . . ."). Since the district court provided Cauley with the required notice, it could then "properly take [Appellees'] motion under advisement . . . [and] rule on the motion consistent with the dictates of procedural fairness required by Rule 56," even though Cauley was proceeding without the assistance of counsel. Id. Thus, the district court committed no error when it provided Cauley with notice before it ruled on the motions for summary judgment.[1]

As for Cauley's alternative claim that there are disputed, material facts that rendered improper the grant of summary judgment, Cauley did not raise this issue in his opening brief before this Court. Rather, he argued it for the first time in his reply brief. "It is well settled in this [C]ircuit that an argument not included in the appellant's opening brief is deemed abandoned. And presenting the argument in the appellant's reply does not somehow resurrect it." Davis v. Coca-Cola Bottling

---

[1] Because we find that the district court committed no error, we need not address the Appellees' argument regarding harmless error. See Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1268 (11th Cir. 2002) (noting that insufficient Rule 56 notice is harmless where notwithstanding any error, "the nonmoving party [has had] an opportunity to marshal its resources and rebut the motion for summary judgment with every factual and legal argument available" (alterations adopted) (quotation omitted)).

Co. Consol., 516 F.3d 955, 972 (11th Cir. 2008) (citation omitted).  Thus, Cauley has abandoned this argument and we need not consider it.

However, even if we were to consider the argument, it would still fail on the merits.  Cauley claims that the district court erroneously found as a matter of law that he violated the terms of the Settlement Agreement -- since, he says, the Settlement Agreement declared only that the parties had to remove "anything about one another or their respective churches from all websites under their control," but that the specific violations the district court found involved content that was not within his control to remove.  He claims that the offending statements were posted on accounts that he could no longer access because they had been disabled by the host.  But drawing all reasonable inferences in favor of Cauley, the record evidence still demonstrates that he retained control over the offending statements after the Settlement Agreement mandated their removal.  The district court detailed undisputed evidence provided by Appellees showing that Cauley himself originally posted the statements on ULC HQ's web sites and on "RationalWiki."  Further, Appellees' evidence clearly demonstrates that Cauley posted and made revisions to offending statements as late as September 12, 2013 -- nearly eight months after the removal date dictated by the Settlement Agreement. And all of the challenged statements were either posted or remained in existence beyond the January 15, 2013, date dictated by the Settlement Agreement.

In the face of this evidence, and to claim that he did not have control over the offending statements, Cauley relies solely on a printout of a Google support page that he attached to his motion for summary judgment. The support page provides guidance in the event that a user's account has been disabled. However, the support page printout does not state the date that any particular account may have been disabled. Nor is it linked in any way to Cauley's own account. Moreover, the printout expressly says that "[y]our account has not been deleted[;] your data is still intact and it might be possible to regain access to your account." Appellees provided sworn affidavits from persons "familiar with internet and website postings" who averred that even if Cauley could not immediately access his account, he could "regain access . . . by following the [host's] requirements," or, alternatively, he could "request that the post[s] be removed by the host." Stated simply, the undated, generic support page provided by Cauley does not create a genuine issue of material fact, and the district court committed no error when it granted summary judgment in Appellees' favor.

**AFFIRMED.**