[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13547

Non-Argument Calendar

_____

MAURICE A. JOHNSON,

                                                    Plaintiff-Appellant,

*versus*

GABRIEL ORTIZ,
Individually and in his Official Capacity,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cv-00598-CEM-GJK

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Maurice Johnson, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Officer Gabriel Ortiz on Johnson's excessive-force claim under 42 U.S.C. § 1983. Johnson principally argues that the district court erred when it refused to consider his response opposing summary judgment on the ground that he failed to comply with 28 U.S.C. § 1746. Johnson also asserts that the court should have granted him leave to amend his response or dismissed his case without prejudice so that he could refile. Finally, Johnson contends that the district court failed to give him adequate notice of the summary judgment rules concerning his "right to file affidavits or other material in opposition to the motion." Br. of Appellant at 8 (quoting *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam)). We affirm the district court's order because even if the district court erred in refusing to consider Johnson's affidavit or to allow him leave to amend, those errors were harmless, and because Johnson received adequate notice of the summary judgment procedures.[1]

---

[1] We review de novo a district court's grant of summary judgment and apply the same standard that bound the district court. *Carter v. Galloway*, 352 F.3d 1346, 1348 (11th Cir. 2003) (per curiam). We review a "district court's decision to grant or deny leave to amend . . . for abuse of discretion." *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1404 (11th Cir.1994).

We may affirm a district court's grant of summary judgment if the appellee presents "any adequate ground for doing so, regardless of whether it is the one on which the district court relied." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1117 (11th Cir. 1993). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing whether the movant has met this burden, a reviewing court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016) (quotation marks omitted). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial." *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (per curiam) (quotation marks omitted).

Here, the district court declined to consider Johnson's response to Ortiz's motion for summary judgment because neither Johnson's response nor his "certificate of service" in support of his response contained a certification with the precise wording required by 28 U.S.C. § 1746 for unsworn affidavits.[2] We need not

---

[2] "The court on summary judgment may consider a declaration executed in accordance with [§ 1746] as an affidavit." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1444 n.36 (11th Cir. 1991) (en banc). Section 1746 states

decide whether the language that Johnson used in his "certificate of service" substantially complied with § 1746 because even assuming that Johnson's language was sufficient and that the district court erred in refusing to consider his response, the error was harmless. *See* Fed. R. Civ. P. 61. Even if the district court had considered the facts contained in Johnson's response, Ortiz would have been—and is—entitled to qualified immunity.

"To be entitled to qualified immunity, an official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Mikko v. City of Atlanta*, 857 F.3d 1136, 1143–44 (11th Cir. 2017) (quotation marks omitted). It is undisputed that Ortiz was acting within the scope of his discretionary authority. Accordingly, "the burden shifts to [Johnson] to establish (1) that [Ortiz] violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* at 1144 (quotation marks omitted). Although courts need not address these two prongs in any particular order, both must be satisfied to deny qualified immunity. *Roberts v. Spielman*, 643 F.3d 899, 904 (11th Cir. 2011) (per curiam).

that an unsworn declaration must be "in writing of such person which is subscribed by him, as true under the penalty of perjury" and must be made in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746 (quotation marks omitted).

We start—and find that we can end—with the question whether Ortiz violated a "clearly established" right. "A right may be clearly established for qualified immunity purposes in one of three ways: '(1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law.'" *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291–92 (11th Cir. 2009) (citations omitted).

If the district court had considered the allegations contained in Johnson's response, the relevant facts for the purpose of analyzing this case would be as follows:  Johnson got into an altercation with Kijana Graham and stabbed her in self-defense.  After he stabbed her, Johnson dropped his knife and attempted to tend to the stab wound he had inflicted.  Patrolling nearby, Officer Ortiz heard a verbal argument followed by screaming and ran to the scene to investigate.  Arriving at the scene, Ortiz saw Johnson leaning over a bleeding Graham.  Johnson raised his empty hands upon seeing Ortiz, at which point—and without a verbal warning—Ortiz shot at Johnson three times, twice hitting him in the chest.

Even if the district court had considered these facts, as Johnson insists it should have, Johnson would not have shown the violation of a clearly established right.  He doesn't provide an example of a case with materially indistinguishable facts.  *Lewis*, 561 F.3d at 1291–92.  Nor does he argue that "a broad statement of principle

within the Constitution" clearly established his right to be free from the force that Ortiz used. *Id.* at 1292. Nor, finally, does he argue that Ortiz's conduct was so egregious as to clearly establish a constitutional right even in the absence of caselaw. *Id.* For that matter, Johnson's opening brief in this Court doesn't even mention qualified immunity. And, even if we read his brief liberally—as we must, given his *pro se* status—and proceed on the assumption that he has challenged the district court's qualified-immunity determination by arguing that the district court erred in refusing to consider his summary judgment response,[3] we nonetheless conclude that no clearly established law prohibited Ortiz's conduct. Accordingly, even if the district court had considered his affidavit, Johnson could not have prevailed. We can therefore affirm the district court's grant of summary judgment on the ground that Ortiz is entitled to qualified immunity.

Johnson also argues that the district court should have allowed him to amend his complaint. But that argument fails for the same basic reason. "[D]istrict courts have broad discretion to allow pleading amendments even when a party does not formally request leave." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). A district court

---

[3] Johnson's response in opposition to summary judgment argues that Ortiz was not entitled to qualified immunity. But we have also said that "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (citations omitted).

should "freely" give leave to amend in the absence of any apparent or declared reason, such as "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962) .Although we have held that a *pro se* plaintiff generally should be given at least one chance to amend a complaint before the district court dismisses his action with prejudice, leave to amend is *not* required where such amendment would be futile—for instance, because the "complaint as amended would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019) (quotation marks omitted). Here, amendment would have been futile.  As already explained, Johnson has not pointed to any case with facts materially indistinguishable that might clearly establish the rights that he says Ortiz violated.  Nor has our own research revealed such a case.  Because re-pleading would not change the fact that Ortiz is entitled to qualified immunity, amending Johnson's complaint would have been futile.[4]

Finally, although Johnson contends that he didn't receive notice from the district court informing him of "his right to file affidavits or other material in opposition to the motion and the consequences of default," Br. of Appellant at 8 (quoting *Griffith*, 772 F.2d at 825), the court *did* give Johnson express notice of his obligations under Rule 56 and an opportunity to respond when the

---

[4] Notably, much of the evidence in Johnson's response was previously provided in the amended complaint or Ortiz's exhibits, which the district court considered, and the remaining exhibits had no impact on the court's conclusion that Ortiz was entitled to qualified immunity.

8                    Opinion of the Court                    20-13547

court entered its order requiring Johnson to file a response to Ortiz's motion for summary judgment, *See Massey v. Congress Life Ins. Co.*, 116 F.3d 1414, 1417 (11th Cir. 1997); *Griffith,* 772 F.2d at 825.  The order specifically explained Johnson's obligation to respond with "sworn affidavits or documents" showing there is a genuine dispute and explained the consequences of failing to do so. Doc. 41 at 1.

\*  \*  \*

Any error that the district court might have committed in failing to credit Johnson's affidavit opposing summary judgment was harmless.  The district court did not err by refusing to grant leave to amend because any amendment would be futile.  And the district court provided Johnson adequate notice that he was required to respond to Ortiz's motion for summary judgment with appropriate evidence.

**AFFIRMED.**

20-13547                JORDAN, J., Concurring                    1

JORDAN, Circuit Judge, concurring:

I join the court's opinion and add the following about Mr. Johnson's Fourth Amendment claim.

Like Justice Thomas, I believe the Supreme Court's qualified immunity jurisprudence is not faithful to the text of 42 U.S.C. § 1983 and rests on shaky historical and doctrinal grounds. *See, e.g., Hoggard v. Rhodes*, 141 S. Ct. 2421, 2421–22 (2021) (Thomas, J., respecting the denial of certiorari); *Baxter v. Bracey*, 140 S. Ct. 1862, 1862–64 (2020) (Thomas, J., dissenting from the denial of certiorari); *Schantz v. DeLoach*, No. 20-10503, 2021 WL 4977514, at *12 (11th Cir. Oct. 26, 2021) (Jordan, J., concurring). But given the Court's recent qualified immunity decisions, *see, e.g., City of Tahlequah v. Bond*, 142 S.Ct. 9, 11–12 (2021), I agree that Officer Ortiz is entitled to qualified immunity even under Mr. Johnson's version of the facts (which included Mr. Johnson over the bleeding victim with his hands on her neck and chest).