[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2010
JOHN LEY
CLERK

No. 09-12450

_____

D. C. Docket No. 05-00286-CV-3-MCR

JOSEPH GLOVER,
JOSE COBB,
PAUL JOHNSON,

Plaintiffs-Appellants,

versus

CITY OF PENSACOLA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 14, 2010)

Before BIRCH and BARKETT, Circuit Judges, and BUCKLEW,* District Judge.

_____

* Honorable Susan C. Bucklew, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

A district court enjoys broad discretion to manage its case load and enforce deadlines. In this case, the district court exercised that discretion by severely penalizing Plaintiffs for filing a response to a summary judgment motion six days late. The district court disregarded Plaintiffs' response, statement of disputed facts, and evidence, and then refused to consider whether Plaintiffs had good cause for filing late. Because the district court did not properly balance the need to manage its docket with the party's right to be heard, we find that under these circumstances the district court abused its discretion. Therefore, we reverse.

I.

In 2005, four firefighters, Plaintiffs, sued the City of Pensacola alleging that the City discriminated against them by creating a hostile work environment where co-workers regularly used racial slurs, dressed in white sheets in the style of the Klu Klux Klan, and left hangman's nooses for African-American firefighters to find. The Plaintiffs alleged that the City violated their rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the Florida Civil Rights Act of 1992, and, in the case of Plaintiff Joseph Glover, the Family Medical Leave Act. The City of Pensacola denied the allegations, and presented evidence that the incidents, even if true, occurred more than ten years ago. The City argued that the Plaintiffs'

2

accusations rested on innuendo, that it treated the Plaintiffs fairly, and that it had, in fact, promoted them up the ranks.

After almost three years of litigation, the district court entered a final scheduling order on April 22, 2008 that stated: "Responses to any dispositive motions shall be due within 20 days of the initial filing." Although Local Rule 7.1(C)(1) of the Northern District of Florida gives parties 14 days from the date of service to respond to a summary judgment motion, the rules do not prevent a district court from granting parties additional time to respond. On August 28, 2008, the City filed its summary judgment motion, statement of undisputed material facts, and numerous exhibits. Based on the final scheduling order, the Plaintiffs' response was due in 20 days—on September 18. Rule 6(d) of the Federal Rules of Civil Procedure would have extended the deadline by three days to September 21.[1]

However, once the time began running on Plaintiffs' time to respond, the district court changed the Plaintiffs' deadline. On September 2, 2008, the district court entered an order that stated that it would take the City's summary judgment

---

[1] Rule 6(d) adds three days to the original deadline when a party must act within a specified time after service under Rule 5(b)(2)(E), which permits service by electronic means with the person's consent. Since the Northern District requires electronic service through the CM/ECF system, Rule 6(d) applies to a summary judgment motion. See N.D. Fla. Loc. R. 5.1 ("A document filed by electronic means . . . is the functional equivalent of a paper document for application of the Federal Rules of Civil and Criminal Procedure and the Local Rules.").

3

motion "under advisement on September 19, 2008." The district court instructed the parties to file any affidavits and other evidence <u>before</u> September 19. <u>Id.</u> In a footnote, the district court said, "The response to a motion for summary judgment must be filed within the time prescribed by the Federal Rules of Civil Procedure and Local Rules." <u>Id.</u> The footnote did not identify a particular rule or set a specific date for Plaintiffs' response. The district court did not vacate its final scheduling order, either.

On September 18, Plaintiffs filed their response, a memorandum of law, and a statement of disputed material facts. On September 19, Plaintiffs filed evidence that included more than 100 pages of deposition excerpts and 32 pages of affidavits. The same day, the City also filed additional evidence, including affidavits from the assistant city manager and human resources director.

Plaintiffs' counsel thought she had filed the response on time.[2] The district court did not agree. In a September 19, 2008 order, the district court said Plaintiffs had fourteen days in which to file, making their response due by September 12. Because the response was late, the district court refused to consider Plaintiffs' response or statement of disputed facts. However, the district court treated evidence filed by Plaintiffs on September 19 as timely, although under the district

---

[2] Plaintiffs' counsel said at oral argument that she mistakenly believed that she had until September 18 to file a response.

4

court's order the September 19 evidence was a day late too.[3]  But this concession

did the Plaintiffs little good.  The district court refused to consider the Plaintiffs'

September 19 evidence because the evidence was unaccompanied by a timely

response and statement of disputed facts to facilitate the court's review.

Also in its September 19 order, the district court stated that it would not

entertain a request for an out-of-time response.  Therefore, Plaintiffs did not file a

request or motion to establish good cause or excusable neglect for late filing under

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure.

Approximately four and one-half months later, the district court issued a 32-

page order granting the City summary judgment on all but two claims.[4]  Even

though the district court discussed some of the Plaintiffs' evidence, the district

court stated that it referenced the material only to provide context to its order.

Except for the affidavits attached to the Fourth Amended Complaint, the Plaintiffs'

arguments and evidence were not considered.

II.

We review the district court's decision to disregard Plaintiffs' untimely

---

[3] In its advisement order of September 2, the district court said parties must file evidence before September 19.  Thus, evidence filed on September 19 was technically late.  The district court, however, overlooked this discrepancy.

[4] The district court allowed two claims filed by Plaintiff Derek Streeter to survive. However, Streeter settled his claims before trial and did not join this appeal.

response and evidence for abuse of discretion.  <u>Young v. City of Palm Bay, Fla.</u>, 358 F.3d 859, 863 (11th Cir. 2004).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."  <u>Citizens for Police Accountability Political Comm. v. Browning</u>, 572 F.3d 1213, 1216-17 (11th Cir. 2009).  In addition, "an abuse of discretion occurs if the district court imposes some harm, disadvantage, or restriction upon someone that is unnecessarily broad or does not result in any offsetting gain to anyone else or society at large."  <u>Klay v. United Healthgroup, Inc.</u>, 376 F.3d 1092, 1096 (11th Cir. 2004).

By changing Plaintiffs' response deadline from 20 days to 14 days after the time to respond had begun to run and by doing so unclearly, the district court arguably created confusion.  The district court not only moved the due date after the time to respond had begun to run, but it did so in a footnote that could be interpreted in two different ways.  Plaintiffs' counsel, who claims she believed the response was due on September 18, may very well have been uncertain as to which deadline governed: the 20-day response time, set by the district court's final scheduling order, or the 14-day response time, set by the Local Rules.

By not accepting Plaintiffs' response and then refusing to entertain any

6

motion for an out-of-time filing, the district court abused its discretion.[5] Conn.

State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1356 (11th Cir.

2009). Rule 6(b) of the Federal Rules of Civil Procedure permits a party to file late

if the party establishes excusable neglect for its tardiness. The district court

preemptively foreclosed any relief under Rule 6(b), even though Plaintiffs likely

could have established excusable neglect under the four factors in Pioneer

Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S.

380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74, 89-90 (1993).[6] Because

Plaintiffs' error did not involve a failure to understand "unambiguous procedural

rules," Plaintiffs arguably made a mistake of fact in believing they had 20 days to

respond to the summary judgment motion. See Conn. State Dental Ass'n, 591 F.3d

at 1356. The district court should have given Plaintiffs the chance to establish

excusable neglect, and then should have considered the Pioneer factors before

denying relief. The City argues that the Plaintiffs suffered no prejudice because

the district court would have granted it summary judgment even considering all of

the Plaintiffs' evidence. We decline, however, to review the evidence for the first

---

[5] The district court was clearly frustrated by Plaintiffs' counsel's previous failure to follow the court's rules and procedures.

[6] The four factors are: (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Id.

7

time on appeal.

Finally, the district court's summary judgment procedures, as set out in its September 2 order, created more confusion and deprived Plaintiffs of an opportunity to respond to the City's evidence filed on September 19. The procedures, also described in the Local Rule 56.1, require a party opposing summary judgment to file its response, memorandum of law, and statement of disputed material facts within 14 days of the date of service of the motion. But the procedures then permit parties to file additional evidence prior to the advisement date or within 20 days after the summary judgment motion is filed. In this case, the rule allowed the City to file new evidence <u>after</u> Plaintiffs' response was due. Without creating a substantial offsetting gain, these procedures placed Plaintiffs at a disadvantage by preventing them from responding to the City's evidence. <u>Klay</u>, 376 F.3d at 1096. This disadvantage proved particularly devastating since "disposition of a case on summary judgment grounds represents a final adjudication on the merits," <u>Griffith v. Wainwright</u>, 772 F.2d 822, 825 n.4 (11th Cir. 1985), and given the "incessant command of the court's conscience that justice be done in light of <u>all</u> of the facts." <u>Johnson v. Pullman, Inc.</u>, 845 F.2d 911, 914 (11th Cir. 1988) (citations omitted) (emphasis in original).

While a district court must be able to maintain control over its docket,

Young, 358 F.3d at 864, its broad discretion is "not unfettered." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366-67 (11th Cir. 1997). Parties should feel that a district court has given them their day in court. Because the district court in this case refused to consider their evidence, Plaintiffs did not receive the review to which they were entitled.

Accordingly, the district court abused its discretion in failing to consider the Plaintiffs' response and memorandum of law, and statement of disputed facts filed on September 18, 2008 and the evidentiary materials filed on September 19, 2008. The judgment is therefore due to be vacated for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**