[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14195

_____

D. C. Docket No. 3:05-cv-00286-MCR-EMT

DEREK STREETER,

                                                                            Plaintiff,

JOSEPH GLOVER,
JOSE COBBS,
PAUL JOHNSON,

                                                                            Plaintiffs-Appellants,

versus

CITY OF PENSACOLA, FLORIDA,

                                                                            Defendant-Appellee,

PENSACOLA PROFESSIONAL FIREFIGHTERS
LOCAL CHAPTER 707,

                                                                            Defendant.

———————

Appeal from the United States District Court
for the Northern District of Florida

———————

(December 13, 2012)

Before DUBINA, Chief Judge, CARNES and GILMAN,[*] Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Joseph Glover, Jose Cobbs, and Paul Johnson (collectively, "the firefighters") appeal the district court's entry of summary judgment in favor of Defendant-Appellee City of Pensacola ("the City") on their employment discrimination claims. The district court found that many of the firefighters' claims were untimely and that there was no record evidence to support the remainder of the claims.

This is the second time that we have considered this case. In the first appeal, we vacated the grant of summary judgment to the City and remanded the case to the district court with instructions to consider certain responsive materials filed by the firefighters. *See Glover v. City of Pensacola*, 372 F. App'x 952, 954–56 (11th Cir. 2010) (noting that district court created confusion as to date responsive

_____

[*] Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

documents were due and thus should have entertained motion for filing out of time).  On remand, the district court explicitly followed our mandate and considered the previously unconsidered materials.  The district court again granted summary judgment in favor of the City.  The issues presented on appeal are:

1.  Did the firefighters present evidence to show a genuine issue of material fact as to their claim for hostile work environment, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Florida Civil Rights Act of 1992, FLA. STAT. § 760, *et seq.* ("FCRA"), and the Equal Protection Clause, U.S. CONST. amend. XIV, pursuant to 42 U.S.C. § 1983?

2.  Did the firefighters present evidence to show a genuine issue of material fact as to their claim for disparate treatment, pursuant to Title VII, the FCRA, and the Equal Protection Clause/§ 1983?

3.  Did Glover present evidence to show a genuine issue of material fact as to his claim for a violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA")?

4.  Did the firefighters waive a claim for violation of their First Amendment right to associate, in the form of a retaliation claim, by failing to raise the claim before the district court?

3

"We review a district court's grant of summary judgment *de novo* considering all the facts and reasonable inferences in the light most favorable to the non-moving party." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir 2009).

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (internal quotation marks omitted). In analyzing the evidence presented by the parties, the general rule is that hearsay cannot be considered on a motion for summary judgment unless such statements can be reduced to admissible evidence at trial. *See Macuba v. Deboer*, 193 F.3d 1316, 1323–24 (11th Cir. 1999). Federal Rule of Civil Procedure 56 requires that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). "This rule also applies to testimony given on deposition." *Macuba*, 193 F.3d at 1323.

4

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the district court's grant of summary judgment in favor of the City based on the district court's order filed on August 8, 2011 as to the Title VII and FCRA hostile work environment claims and all of the disparate treatment claims. As to the firefighters' hostile work environment claim under § 1983, we do not decide whether the conduct was objectively severe or pervasive under our controlling precedent because, even if it was, we agree with the district court that the firefighters failed to present competent evidence that their job performance was adversely affected by the harassment. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) ("[A] plaintiff wishing to establish a hostile work environment claim [must] show . . . that the harassment was sufficiently severe or pervasive *to alter the terms and conditions of employment* and create a discriminatorily abusive working environment[.]" (emphasis added)). Although Cobbs alleged generally that he experienced stress and concern for his safety while on the job, neither he nor any of the other firefighters have presented any evidence showing that their job performance was adversely affected by the alleged harassment. As the district court noted, each was promoted and moved up the ranks during the relevant time period. The district court's grant of summary

5

judgment as to the firefighters' § 1983 hostile work environment claim is therefore affirmed.

We also affirm the district court's grant of summary judgment in favor of the City on Glover's FMLA claim.  A plaintiff cannot recover under the FMLA in the absence of damages.  *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999).  Glover did not present any evidence that he suffered damages as a result of the alleged FMLA violation.  He was not forced to decline a promotion to facilities management captain.  Glover also presented no evidence that he was denied leave when he requested it.[1]  Because Glover did not allege any damages, he cannot recover under the FMLA.

As to the firefighters' First Amendment retaliation claim, we conclude that the same is waived because it was not raised below.  *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994).

Finally, while we doubt the firefighters' brief sufficiently appeals the district court's grant of summary judgment as to their Title VII and FCRA retaliation claims, even if it did, we would nevertheless affirm the judgment of the district court.  A prima facie case of retaliation requires an employee to show that:  (1) he engaged in a protected activity; (2) he suffered an adverse employment action or

---

[1] Glover's father had already passed away by the time he was promoted.

6

conduct that had a materially adverse effect on him; and (3) there was a causal connection between the protected activity and the adverse conduct. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001); *see also Burlington N. & Santa Fe. Ry. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006). For each of their retaliation claims, the firefighters have either failed to present evidence of a materially adverse action or failed to demonstrate a causal connection between the action and their protected activity.

**AFFIRMED.**